## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 03 2015, 7:27 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Meghan Hambright,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 3, 2015<br><br>Court of Appeals Case No.<br>84A01-1501-CR-13<br><br>Appeal from the Vigo Superior<br>Court<br>The Honorable David R. Bolk,<br>Judge<br><br>Trial Court Cause No. 84D03-1310-<br>FC-3099 |

**Bradford, Judge.**

# Case Summary

[1]     After pleading guilty to Class C felony operating a vehicle after forfeiture of her license for life, Appellant-Defendant Meghan Hambright was sentenced to two

years of home detention. Hambright was to begin her home detention within one month of sentencing, one of the requirements of which was that Hambright secure a landline telephone line for monitoring equipment. Approximately two months later and after Hambright had been given extra time to secure a landline telephone, Appellee-Plaintiff the State of Indiana ("the State") petitioned to revoke Hambright's direct commitment to home detention. Following a hearing, the trial court revoked Hambright's home detention and ordered her to serve her two-year sentence in the Department of Correction. Hambright appeals, contending that the trial court abused its discretion, arguing essentially that her failure to secure a landline telephone was not her fault. Concluding the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

On October 7, 2013, Hambright was charged with Class C felony operating a vehicle after forfeiture of her license for life. (Appellant's App. 2). On April 8, 2014, West Central Regional Community Corrections ("West Central") filed a letter in the trial court indicating that it would accept Hambright on home detention in the event of conviction and a court order to that effect. (Appellant's App. 25). The letter indicated, *inter alia*, that "[i]f client will be using equipment requiring telephone service **client <u>MUST HAVE</u> a working landline phone service through AT&T ONLY!**" Appellant's App. p. 25 (emphasis in original).

[3]     On August 11, 2014, Hambright pled guilty as charged. (Appellant's App. 32-33). On September 8, 2014, pursuant to a plea agreement, the trial court sentenced Hambright to two years of incarceration, to be served as direct commitment to home detention under the supervision of the Vigo County Home Detention Program. (Appellant's App. 34). The sentencing order provided that Hambright was to commence her sentence within thirty days, or by October 8, 2014. (Appellant's App. 34). At some point, Hambright petitioned to have her direct commitment transferred to West Central. (Tr. 11). West Central gave Hambright a deadline of October 29, 2014, by which she was to secure a landline telephone, which represents a three-week extension. (Tr. 12). As of October 30, 2014, Hambright had not commenced her direct commitment or contacted West Central. (Tr. 12).

[4]     On November 7, 2014, the State filed a petition to revoke Hambright's commitment home detention, alleging that she had yet to begin her direct commitment despite having been given additional time to secure the landline telephone in her home. (Appellant's App. 39). On December 11, 2014, the trial court held a hearing on the State's petition to revoke direct commitment. Following the hearing, the trial court revoked Hambright's commitment to home detention and ordered that she serve her two-year sentence in the Department of Correction. (Appellant's App. 47).

# Discussion and Decision

Hambright contends that the trial court abused its discretion in revoking her home detention because the State failed to show that her failure to secure a landline telephone was her fault. For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. *Cox v. State,* 706 N.E.2d 547, 549 (Ind. 1999). The similarities between the two dictate this approach. *Id.* Both probation and community corrections programs serve as alternatives to commitment to the DOC and both are made at the sole discretion of the trial court. *Id.* A defendant is not entitled to serve a sentence in either probation or a community corrections program. *Id.* Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Id.* (quoting *Million v. State,* 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995) (internal quotation omitted)).

> Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

*Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999) (citations omitted).

We conclude that Hambright has failed to establish that the trial court abused its discretion. It is undisputed that Hambright failed to have a landline

telephone installed in her residence, a required condition for home detention. As early as April of 2014—seven months before the State filed its revocation provision—Hambright was likely put on notice regarding the landline telephone requirement of home detention by the letter from West Central. At the very least, Hambright never denies, and the record clearly indicates, that she was fully aware of the requirement in the time period following her guilty plea on August 11, 2014. Despite this notice, and a three-week grace period granted by West Central, Hambright still did not have a landline telephone installed approximately three months later, when the State filed its petition to revoke home detention on November 7, 2014. Hambright points to evidence that she contacted AT&T several times regarding the landline telephone to no avail. The trial court, however was free to disbelieve Hambright's testimony regarding her diligence, and apparently did. Hambright's argument is an invitation to reweigh the evidence, which we will not do.

[7] The judgment of the trial court is affirmed.

Vaidik, C.J., concurs.

Kirsch, J., dissents.